UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                          )<br>            Plaintiff,        )<br>                          )<br>        v.                )<br>                          )<br>SUKHCHAINPREET SINGH SIDHU,  )<br>                          )<br>            Defendant.       )<br>_____ ) | Case No. CR 08-0039 JCC<br><br>DETENTION ORDER |

Offenses charged:

    COUNT 1:    Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

Date of Detention Hearing: Initial hearing on February 6, 2008; reopened for new hearing on March 7, 2008.

On February 6, 2008, the defendant appeared for an initial detention hearing before the Honorable Monica J. Benton. The defendant was ordered detained, in part, based on a determination that in the circumstances of this case, there was a rebuttable presumption of detention. Dkt. No. 22. This was appealed (Dkt. No. 26), and on March 3, 2008, the Honorable John C. Coughenour referred the defendant's motion to re-open the detention proceeding to the criminal-duty magistrate judge. Dkt. No. 27.

On March 7, this matter came before the undersigned magistrate judge. The Court initially determined that the use of the presumption was error, and as a result, the court re-opened the

DETENTION ORDER  
18 U.S.C. § 3142(i)  
PAGE 1

15.13  
Rev. 1/91

proceeding and considered all issues presented by both the government and the defendant regarding detention anew. The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant has no ties to this jurisdiction.

(2) Defendant's immediate family lives in Ontario, Canada, and pretrial supervision is not available for the province of Ontario.

(3) Defendant has offered to take a rental house in Surrey, British Columbia so that he can be supervised by Canadian pretrial services. However, there have been discrepant stories about residences. When he was arrested, the defendant was residing, for at least some period, with a friend in Surrey, British Columbia who is currently wanted on active warrants originating from the Eastern District of Washington for drug offenses. Defendant has very few ties to Surrey, British Columbia.

(4) Defendant is a citizen of India. It is unclear whether any conviction in this case would require that he be deported from Canada. Due to this uncertainty, the possibility of possible deportation by Canadian authorities, if convicted, is not given weight by this Court.

(5) Defendant has provided discrepant information about potential employment prospects, and attempts to contact potential employers have resulted in confirmation that the person who allegedly offered the job does not work for the named employer.

(6) The evidence against the defendant, which is considered the least important of the detention factors, is overwhelming. The defendant was caught with the marijuana at issue, and in an interview, admitted knowingly obtaining, smuggling, and

transporting the marijuana into the United States.

(7) Defendant is a flight risk.

(8) There appear to be no conditions or combination of conditions other than detention that will reasonably assure the defendant's appearance at future Court hearings as required..

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 7th day of March, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge